1 | CALVIN L. LITSEY (CA SBN: 289659)
2 | **FAEGRE BAKER DANIELS LLP**
  | 1950 University Avenue, Suite 450
3 | East Palo Alto, CA 94303
  | Telephone: 650-324-6700
4 | Facsimile: 650-324-6701

5 | JARED B. BRIANT (CO SBN: 35773)*
6 | **FAEGRE BAKER DANIELS LLP**
  | 1144 15th Street, Suite 3400
7 | Denver, CO 80202
  | Telephone: 303-607-3500
8 | Facsimile: 303-607-3600

9 | PATRICK C. BOTTINI (MN SBN: 0395278)*
10 | **FAEGRE BAKER DANIELS LLP**
   | 2200 Wells Fargo Center
11 | 90 S. Seventh Street
   | Minneapolis, MN 55402
12 | Telephone: 612-766-7000
   | Facsimile: 612-766-1600
13 |

14 | JESSIE PELLANT (CO SBN: 42096)*
   | **STUDIOIP**
15 | 600 17th St., Suite 2800
   | Denver, CO 80202
16 | Telephone: 720-443-1773

17 | *Pro hac vice applications forthcoming*

18 | **ATTORNEYS FOR PLAINTIFF**

19 |

20 | **UNITED STATES DISTRICT COURT**
   | **NORTHERN DISTRICT OF CALIFORNIA**
21 |

22 | THE CALIFORNIA BEACH CO., LLC.,            | Case No.

23 |           Plaintiff,

24 |     v.                                     | **COMPLAINT FOR PRELIMINARY INJUNCTIVE RELIEF VIOLATIONS OF DIGITAL MILLENNIUM COPYRIGHT ACT**
25 | MR. HAN XIAN DU,
   |           Defendant.                       | **JURY TRIAL DEMANDED**
26 |
27 |
28 |

COMPLAINT

Plaintiff The California Beach Co., LLC., ("CBC") brings this complaint against Defendant Han Xian Du because Defendant knowingly made material misrepresentations to multiple third-party online social media and retail platforms including Facebook, Inc. ("Facebook") and Amazon.com, Inc. ("Amazon") by submitting DMCA takedown requests falsely alleging that content on CBC's Facebook and Instagram pages, and CBC products available on Amazon, violated his copyrights. As a result, CBC's content was removed from Instagram and its Facebook page was completely shut down in the heart of the Christmas shopping season causing CBC hundreds of thousands of dollars in lost sales and immeasurable additional harm in the form of loss of consumer goodwill. Also, on December 25, 2019, CBC's playpen product was removed from Amazon.com.

The harm to CBC is irreparable, substantial, ongoing and will not stop unless immediate relief is granted. In support of its Complaint, CBC alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for violation of the Digital Millennium Copyright Act ("DMCA"), based on Defendant's wrongful and fraudulent takedown notice of Plaintiff's Facebook page.

## PARTIES, JURISDICTION AND VENUE

2. CBC is the exclusive distributor of the POP N GO PLAYPEN—a compact, durable and portable kids' playpen. CBC sells its POP N GO PLAYPEN through various sales outlets including its website and social media accounts, where CBC transacts the vast majority of its business. CBC is the exclusive patent licensee of the rights conferred under United States Patent Number D862,913 (the '913 Patent) entitled the "Playpen with Canopy," and the POP N GO PLAYPEN is an embodiment of the ornamental design claimed in the '913 Patent. CBC also owns United States Trademark Registration No. 5,869,723 (the '723 Trademark) for POP N GO PLAYPEN. CBC is headquartered at 8601 Lincoln Blvd Suite 180-560, Los Angeles, CA 90045.

3. On information and belief, Mr. Han Xian Du ("Defendant") is an individual living and working in Shenzhen, China. Defendant supplies a knockoff playpen (the "Knockoff") to

Exqline, Inc. which in turn sells the Knockoffs in United States.  Although Defendant's physical address is unknown to CBC, Defendant's email address is duhanxian@hotmail.com.

## JURISDICTION AND VENUE

4. CBC realleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1-3 above.

5. This Court has subject matter jurisdiction over CBC's claims, as the Complaint presents a well-pleaded federal question under to the U.S. Copyright Act (17 U.S.C. §§ 101 et seq.), 28 U.S.C. §§ 1331 and 1332.

6. This Court has specific personal jurisdiction over Defendant.  Defendant purposefully directed his activities toward California by filing a takedown notice with Facebook, Inc. (a California company), pursuant to the DMCA (a United States law), against CBC (also a California company).  Defendant on December 19, 2019 filed DMCA takedown requests with Facebook, Inc. fraudulently demanding the removal of content from CBC's Facebook and Instagram pages.  In *S.E.C. v. Ross*, the Ninth Circuit wrote that "[i]n general, ... a party has consented to personal jurisdiction when the party took some kind of affirmative act—accepting a forum selection clause, submitting a claim, filing an action—that fairly invited the court to resolve the dispute between the parties." 504 F.3d 1130, 1149 (9th Cir. 2007).  Filing of a DMCA takedown notice with a California company, against another California company is enough to establish specific personal jurisdiction.  *See, e.g.*, *Automattic Inc. v. Steiner*, 82 F. Supp. 3d 1011, 1025 (N.D. Cal. 2015).

7. This Court also has personal jurisdiction over Defendant based on Defendant's acceptance of the Facebook terms of service.  Moreover, Facebook utilizes terms of service that must be accepted by any Facebook user or an entity seeking enforcement by Facebook.  Paragraph 4 of the "Additional Provisions" of Facebook's terms of service call for all disputes to be "resolved exclusively in the U.S. District Court for the Northern District of California or a state court located in San Mateo County."  Paragraph 4 goes on to state that "[y]ou agree to submit to the personal jurisdiction of either of these courts for the purpose of litigating any such claim."  Defendant's use of Facebook makes it subject to personal jurisdiction in this forum.  *See Steiner*,

82 F. Supp. 3d at 1022 (N.D. Cal. 2015) ("Here, Defendant's conduct of accepting the terms of service is sufficient to constitute consent to personal jurisdiction in California.") (citing *Ross*, 504 F.3d 1130; *Craigslist, Inc. v. Naturemarket, Inc.*, No. C 08–5065 PJH, 694 F. Supp. 2d 1039, 1052–53 (N.D.Cal.2010) ("the [c]ourt may properly exercise personal jurisdiction over Defendants based on their consent to the forum selection clause in the [terms of use agreement]").

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 139l(c). Defendant is a resident of Shenzhen, China and not a resident of the United States and may be sued in any judicial district.

## FACTUAL BACKGROUND

**CBC'S BUSINESS**

9. CBC was launched by two parents who worked for years to find a great, portable, lightweight playpen that was well built. They teamed up with a top outdoor-goods manufacturer and in 2018 launched a successful Kickstarter campaign raising over $395,000 in the first 30-days. Since that time CBC's innovative Pop N' Go® playpen has become a highly successful outdoor playpen product. As a result, numerous entities across the world have attempted to copy the innovative design of the Pop N' Go® playpen and appropriate the goodwill embodied by Pop N' Go® brand that has been built up by CBC at great expense.

10. CBC sells its products through various channels including its website, Amazon.com and other third-party retailers.

11. CBC's sales are driven primarily through its social media presence on Instagram and Facebook. Indeed, Instagram and Facebook are critical marketing platforms for CBC, and the holiday sales seasons during late December and early January are critical sales months for CBC. CBC also sells its products through its own website, Amazon.com, and other third-party retailers; however, customers nearly always first learn about CBC's products on the Instagram or Facebook social media platforms.

12. Approximately 98% CBC's monthly revenue derives from CBC's Facebook/Instagram presence. The social and direct searches that result in sales are from those consumers purchasing CBC's product through a direct link from Facebook or IG or by searching

for "POP N GO" in the Google search bar or on Amazon, after learning the product name via advertising on social media platforms.

**DEFENDANT'S FRAUDULENT DMCA REQUESTS**

13.  In 2018, Defendant purchased a set of playpens from Yiwu Sanhe Outdoor Product Co. in 2018 and sold them to Exqline, a competitor of CBC's, for distribution and resale. Shortly after the sale, Yiwu Sanhe Outdoor Product Co. entered into an exclusive distribution agreement with CBC.

14.  Defendant, a customer of Yiwu Sanhe Outdoor product Co., is not the inventor of the POP N GO PLAYPEN and has no ownership interest in it or any of the intellectual property rights associated with the manufacture, advertising and sale of the POP N GO PLAYPEN or associated marketing materials—including the copyrights.

15.  Upon information and belief Defendant took the design of the POP N GO PLAYPEN to another manufacturer in China to have produced and consequently sold to Exqline without any rights to the intellectual property.

16.  On December 18 and 19, 2019, Defendant through the email address duhanxian@hotmail.com submitted DMCA take down requests for copyright infringement to Facebook and Instagram to remove content on the CBC Facebook and Instagram accounts that Defendant alleged violated Defendant's copyrights (the "Facebook Content" and the "Instagram Content").

17.  All of the content posted on CBC's Facebook and Instagram pages (the "CBC Content") was solely created by or on behalf of CBC and is solely owned by CBC. The CBC content does not include, reference, or relate to any written, audio, visual, or other works created by or for any entity other than CBC.

18.  Defendant has no rights, whether under U.S. Copyright Law or otherwise, in the CBC Content.

19.  The CBC Instagram Content was removed on December 19, 2019.

20.  CBC's entire Facebook account was disabled on December 19, 2019.

21. CBC reached out to Facebook and Instagram through several emails and the appeal process in order to notify Facebook and Instagram that the take downs and infringement report were fraudulent.

22. CBC also contacted duhanxian@hotmail.com regarding the takedown, requesting information relating to the allegedly infringing material that was requested to be removed from CBC's Facebook and Instagram pages. Defendant has not responded to CBC's communications as of the date of this Complaint.

23. CBC and counsel have not received a response from Facebook, Instagram, or duhanxian@hotmail.com regarding the retraction of the fraudulent infringement report as of the date of filing of this Complaint.

24. At no point has CBC ever posted on its Facebook or Instagram pages content belonging to Defendant or any of Defendant's affiliates.

25. On December 25, 2019 CBC experienced another take-down resulting from a DMCA notification. Specifically, CBC's playpen product named "THE PLAYPEN" was taken off of Amazon.com in response to a DMCA takedown notification.

26. Amazon provided a name of the "rights owner" responsible for filing the DMCA takedown notification as "Smartgpsbd Davis." The corresponding email provided was smartgpsbd@outlook.com.

27. On December 26, 2019, CBC reached out to the email address to inquire regarding the grounds of the DMCA notification, but had not received a response as of the date of this Complaint.

28. On information and belief, the Amazon takedown is part of the same effort by Defendant to harm CBC's business.

29. With the listing of the THE PLAYPEN removed from Amazon, any sales related to the product on Amazon are halted, resulting in further damages to CBC that will only be alleviated when the that product is reinstated.

30. At no point has CBC ever included on its Amazon product pages content belonging to Defendant or any of Defendant's affiliates.

## CLAIM FOR RELIEF
### (Misuse of Copyright - False Takedown Notification Under 17 U.S.C. § 512)

31. CBC realleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1-24 above.

32. On or about December 19, 2019, Defendant signed a declaration and submitted it to Facebook that the CBC Facebook Content violated the copyrights of Defendant. That Claim was false, as the entirety of the CBC Facebook Content was created by or on behalf of CBC and Defendant has no rights, under U.S. Copyright Law or otherwise, in the CBC Facebook Content.

33. Defendant knowingly and materially misrepresented to Facebook under the DMCA takedown policy that the CBC Facebook Content violated his copyrights.

34. As a result of Defendant's intentional misrepresentation, Facebook disabled CBC's entire Facebook account.

35. On or about December 19, 2019 Defendant also signed a declaration and submitted it to Instagram (which is owned by Facebook) that the CBC Instagram Content violated the copyrights of Defendant. That Claim was false, as the entirety of the CBC Instagram Content was created by or on behalf of CBC and Defendant has no rights, under U.S. Copyright Law or otherwise, in the CBC Instagram Content.

36. Defendant knowingly and materially misrepresented to Instagram under the DMCA takedown policy that the Instagram Post violated his copyrights.

37. As a result of Defendant's intentional misrepresentation to Instagram, Facebook, Inc. removed the Instagram Post from CBC's Instagram page.

38. Defendant knowingly and materially misrepresented to Amazon under the DMCA takedown policy that the "THE PLAYPEN" violated his copyrights.

39. As a result of Defendant's intentional misrepresentation to Amazon, Amazon removed the "THE PLAYPEN" from Amazon.com.

40. CBC contacted Defendant and requested that he identify his copyrighted content and informed him that his assertions were incorrect and that none of CBC's content violated his copyrights. Defendant has not responded to CBC.

41. Defendant's intentional acts and conduct as alleged above have damaged and will continue to damage CBC, including in the form of pecuniary loss and general decline in business, and have resulted in an wrongful gain of sales to Defendants in an amount unknown at the present time. CBC is losing an estimated $100,000 every week its CBC Facebook and Instagram pages are down, separate and apart from the immeasurable irreparable harm faced by CBC in the form of crippling loss of consumer goodwill.

**PRAYER FOR RELIEF**

42. WHEREFORE, CBC respectfully requests judgment as follows:

43. For permanent injunctive relief prohibiting Defendant, his agents, or anyone working for, in concert with or on behalf of Defendant from engaging in activity in violation of the DMCA;

44. That Defendant be adjudged to have violated 17 U.S.C. § 512 of the DMCA by intentionally, knowingly and materially representing to Facebook through its DMCA takedown procedure that CBC's Facebook Content and Instagram Content violated any copyrights of Defendant;

45. That CBC recover its costs and attorneys' fees;

46. That Defendant's DMCA takedown requests alleging copyright infringement by CBC be withdrawn from Facebook and Instagram;

47. That CBC be granted prejudgment and post-judgment interest, and;

48. That the Court grant CBC such other and further relief as the Court deems just and proper.

**REQUEST FOR TRIAL BY JURY**

Plaintiff California Beach Co., LLC respectfully requests a trial by jury on all issues so triable.

Dated:  December 26, 2019        **FAEGRE BAKER DANIELS LLP**

By:     *Calvin L. Litsey*
        CALVIN L. LITSEY (CA SBN: 289659)
        950 University Avenue, Suite 450
        East Palo Alto, CA 94303
        Telephone:     650-324-6700
        Facsimile:      650-324-6701

*Attorneys for Plaintiff*,

**CALIFORNIA BEACH COMPANY**