# Exhibit B

## EXCLUSIVE LICENSE AGREEMENT

This Agreement is made and effective as of 16th of Feb., 2018 (Effective Date), by and between Yiwu Sanhe Outdoor Product Co., Ltd., an entity organized and existing under the laws of The People's Republic of China ("Licensor") and The California Beach Co., LLC, a California limited liability company ("Licensee").

### RECITALS

WHEREAS the Licensor is the owner of the entire right, title, and interest in US Patent No. D862913; and

WHEREAS the Licensee desires to obtain all substantial rights in US Patent No. D862913, including, but not limited to, the exclusive right to practice the Licensed Patent, to sell the Licensed Product and to enforce the Licensed Patent in the Licensed Territory, as defined below. Technical Information is not defined.

### AGREEMENT

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the undersigned Parties agree as follows:

### ARTICLE I
### GENERAL DEFINITIONS AND RELATIONSHIPS AMONG DEFINITIONS

As used in this Agreement, the following terms shall have the meanings set forth in the succeeding paragraphs of this Article.

1.1   'Licensor' and 'Licensee' may be individually referred to as a 'Party' and are referred to collectively as the 'Parties.'

1.2   'Licensed Patent' means the patent identified in attached Schedule A along with any patents, divisions, continuations, reissues, reexaminations, extensions, substitutions, renewals, inventor's certificates, and foreign counterparts and any 'Improvement Patent', meaning any patent applications and patents issuing on any patent applications claiming priority to the Licensed Patent.

1.3   'Licensed Territory' means the United States, Canada, and Mexico.

1.4   'Licensed Product' means the "Playpen with Canopy" product (known in the Licensed Territory as the POP 'N GO PLAYPEN) covered by the Licensed Patent.

1.5   'Affiliated Companies' means any business entity that is in any degree beneficial to, partially owned by, or in any way controlled by Licensee or any Member or Officer of Licensee.

1.6  'Patent Rights' means, but is not limited to, any and all substantial rights conferred by patents and/or patent applications covering the Licensed Product and the Licensed Patent.

## ARTICLE II
## THE GRANT

2.1  Licensor grants to Licensee an exclusive license under the Licensed Patent to use, sell, offer to sell, sell for importation, import, export, and practice the Licensed Product throughout the Licensed Territory. Ownership of the Licensed Patents remains with Licensor.

2.2  Licensor grants to Licensee the exclusive right, but not the obligation, to enforce the Licensor's Patent Rights in the Licensed Product within the Licensed Territory for any infringement or other unauthorized use occurring prior to the termination of this License. This includes the right to all claims, causes of action, and damages for past, present and future infringement or other unauthorized use of the Licensed Product and Licensed Patent in the Licensed Territory, along with the right to settle claims, to sue for and collect damages, and to receive injunction and other relief, so long as this Agreement or an enforcement action initiated prior to the termination of this Agreement remains pending.

## ARTICLE III
## ENFORCEMENT, VALIDITY, AND MAINTENANCE

3.1  The sole right to institute a suit for infringement rests with Licensee. Licensee has no obligation to institute any action or suit against third parties for infringement of any Licensed Patent or to defend any action or suit brought by a third party that challenges or concerns the validity of Licensed Patent. Licensor agrees to cooperate with Licensee in all respects; to join as a party to an enforcement action, if necessary; to have any of Licensor's employees testify when requested by Licensee; and to make available any records, papers, information, specimens, and the like. Any recovery received pursuant to such a suit shall be retained by Licensee.

3.2  During the term of this Agreement, Licensor shall bring to the attention of Licensee any prior art or other information known to Licensor that is relevant to the patentability or validity of the Licensed Patent and that might cause a court to deem the Licensed Patent wholly or partially inoperative or invalid.

3.3  Licensor shall pay for all expenses and fees for the preparation, filing, prosecution, issuance, and maintenance of the Licensed Patent. If Licensor is unable or unwilling to pay the expenses and fees of the Licensed Patent, Licensor shall give Licensee 60 days' written notice. Licensee may maintain the Licensed Patents and deduct any expenses incurred from any payments due to Licensor.

## ARTICLE IV
## TERMINATION

4.1　Unless terminated earlier as provided in this Article, the term of this Agreement shall be for three years from the Effective Date.

4.2　The term of this Agreement shall be extended in one-year increments (the "Renewal Period") until either party gives written notice of intent to terminate the Agreement at least 90 days prior to the Renewal Period or until the last Licensed Patent expires and any ongoing enforcement action is settled or finally adjudicated. The terms of this Agreement shall have full force and effect during the Renewal Period.

4.3　Licensor may terminate this Agreement on 90 days' notice in writing to Licensee for a failure of Licensee to fulfill any material obligations under this Agreement. However, if during the period of the notice Licensee remedies the failure, this Agreement shall continue in full force and effect as it would have done if notice had not been given.

4.4　This Agreement shall terminate automatically if Licensee becomes insolvent or bankrupt, if a receiver is appointed for Licensee, or if Licensee is reorganized for the benefit of creditors.

4.5　Termination of this Agreement by either Party shall in no way prejudice the rights of the other party to seek other remedies for the failure to perform under this Agreement.

## ARTICLE V
## REPRESENTATIONS AND WARRANTIES

5.1　Each Party represents and warrants that it has the right, power, and authority to enter into this Agreement and that the persons executing the Agreement have the authority to act for and bind each Party.

5.2　Licensor represents and warrants that it has not conveyed any rights inconsistent with the rights conveyed in the Agreement.

5.3　Licensor represents and warrants that it possesses all of the necessary proprietary interests in the Licensed Patent to grant the license rights set forth in this Agreement.

## ARTICLE VI
## SEVERABILITY

6.1  If any provision of this Agreement is declared void or unenforceable or becomes unlawful in its operation, the remainder of the Agreement shall not be affected, and each remaining provision shall be valid and enforceable to the fullest extent, unless the deletion of the provision would cause the Agreement to become materially adverse to any Party, in which event the Parties shall use their respective best efforts to arrive at an accommodation that best preserves for the Parties the benefits and obligations of the offending provision.

## ARTICLE VII
## ASSIGNABILITY

7.1  This Agreement may be assigned by Licensor and shall inure to the benefit of successors and lawful assigns.

7.2  This Agreement may be assigned by Licensee and shall inure to the benefit of successors and lawful assigns.

## ARTICLE VIII
## GOVERNING LAW AND ARBITRATION

8.1  This Agreement shall be construed, interpreted, and enforced in accordance with the laws of the State of California.

## ARTICLE IX
## ENTIRE UNDERSTANDING AND WAIVER

9.1  This Agreement constitutes the entire understanding between the Parties relating to its subject matter, supersedes all previous agreements between the Parties with respect to its subject matter, and shall not be modified in any way except by an instrument in writing executed by the Parties or their respective assignees.

9.2  Waiver of any provision will not be deemed a waiver of any other provision, nor will waiver of any breach of this Agreement be construed as a continuing waiver of other breaches of the same or other provisions of this Agreement.

The Parties have executed this Agreement by their authorized representatives on the Effective Date of this Agreement as listed above.

Yiwu Sanhe Outdoor Product Co., Ltd

Signed _[signature]_
Name __XIN JIN__
Title __OWNER__
Licensor

The California Beach Co., LLC

Signed _____
Name _____
Title _____
Licensee

## SCHEDULE A
## ISSUED PATENTS

| Patent Number | Issue Date | Application Number | Filing Date |
|---|---|---|---|
| D862913 | October 15, 2019 | 29/630,428 | December 21, 2017 |



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/630,428 | 10/15/2019 | D862913 | GBQC002-D-PKG | 3315 |

98346    7590    09/25/2019
Bayramoglu Law Offices LLC
1540 W. Warm Springs Road
Suite 100
Henderson, NV 89014

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

## Determination of Patent Term Extension or Adjustment under 35 U.S.C. 154 (b)

Design patents have a term measured from the issue date of the patent and the term remains the same length regardless of the time that the application for the design patent was pending. Since the above-identified application is an application for a design patent, the patent is not eligible for Patent Term Extension or Adjustment under 35 U.S.C. 154(b).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Data Management (ODM) at (571)-272-4200.

APPLICANT(s)  (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Xin JIN, Yiwu, CHINA;
Yiwu Sanhe Outdoor Product Co. Ltd., Yiwu, CHINA;

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage and facilitate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit SelectUSA.gov.

IR103 (Rev. 10/09)

US00D862913S

(12) **United States Design Patent** (10) Patent No.: **US D862,913 S**
Jin (45) Date of Patent: ** Oct. 15, 2019

(54) **PLAYPEN WITH CANOPY**

(71) Applicant: **Yiwu Sanhe Outdoor Product Co., Ltd.**, Yiwu (CN)

(72) Inventor: **Xin Jin**, Yiwu (CN)

(73) Assignee: **Yiwu Sanhe Outdoor Product Co. Ltd.**, Yiwu (CN)

(**) Term: **15 Years**

(21) Appl. No.: **29/630,428**

(22) Filed: **Dec. 21, 2017**

(30) **Foreign Application Priority Data**

Oct. 19, 2017   (CN) .......................... 2017 3 0510738

(51) **LOC (12) Cl.** .............................................. **06-06**
(52) **U.S. Cl.**
       USPC ..................................................... **D6/331**
(58) **Field of Classification Search**
       USPC ........ D6/331, 333, 339, 340, 341, 342, 344,
                D6/345, 347, 348, 715; D12/400, 401,
                D12/403, 404; D21/412, 419, 420, 831,
                D21/834, 836, 837, 838, 839; D25/13,
                D25/15, 17, 18, 19, 33, 56
       CPC ...... A47D 1/004; A47D 1/008; A47D 1/0081;
               A47D 1/04; A47D 1/06; A47D 1/08;
               A47D 1/10; A47D 13/102; A47D 13/105;
               A47D 13/107; A47D 3/001; A47D
               11/007; A47D 13/06; A47D 13/061;
               A47D 13/063; A47D 13/065
       See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| 4,645,183 | A  | * | 2/1987  | Rattray  | A47D 13/063 |
|           |    |   |         |          | 256/25      |
| 4,739,527 | A  | * | 4/1988  | Kohus    | A47D 13/066 |
|           |    |   |         |          | 5/99.1      |
| 6,467,107 | B1 | * | 10/2002 | Glover   | A47C 7/66   |
|           |    |   |         |          | 135/125     |
| 7,040,585 | B2 | * | 5/2006  | Cheng    | A47D 13/06  |
|           |    |   |         |          | 135/125     |
| 9,320,363 | B1 | * | 4/2016  | Beaver   | A47D 13/06  |
| 9,615,672 | B2 | * | 4/2017  | Weisbeck | A47D 13/066 |
| 10,194,755| B1 | * | 2/2019  | Flannery | A47D 13/063 |

(Continued)

OTHER PUBLICATIONS

The California Beach Co., posted at Facebook.com, posted on Jan. 18, 2018, site visited Apr. 9, 2019. online, available from internet: https://www.facebook.com/thecaliforniabeachco/photos/a.1520366511414362/1520366474747699/?type=3&theater (Year: 2018).*

*Primary Examiner* — Mary Ann Calabrese
*Assistant Examiner* — Catherine Ho
(74) *Attorney, Agent, or Firm* — Gokalp Bayramoglu

(57) **CLAIM**

The ornamental design for a playpen with canopy, as shown and described.

**DESCRIPTION**

FIG. **1** is a front view of a playpen with canopy, showing my new design;
FIG. **2** is a back view thereof;
FIG. **3** is a left view thereof;
FIG. **4** is a top view thereof;
FIG. **5** is a perspective view thereof;
FIG. **6** is an enlarged detailed view of the encircled area **6** in FIG. **5**;
FIG. **7** is an enlarged detailed view of the encircled area **7** in FIG. **5**; and,
FIG. **8** is an enlarged detailed view of the encircled area **8** in FIG. **5**.
The broken line portion of the figure drawings is included to environment that forms no part of the claimed design.

**1 Claim, 5 Drawing Sheets**



(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2003/0177576 A1* | 9/2003 | LaMantia | A47C 29/003 5/97 |
| 2005/0166316 A1* | 8/2005 | Gehr | A47D 13/063 5/99.1 |
| 2006/0236952 A1* | 10/2006 | King | A01K 1/03 119/499 |
| 2014/0061563 A1* | 3/2014 | Weisbeck | A47D 13/066 256/25 |

* cited by examiner



FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5

FIG. 6    FIG. 7    FIG. 8