# Exhibit D



December 21 , 2019

VIA EMAIL

Jeffrey Yee
Lewis Brisbois Bisgaard & Smith LLP

Jeffrey.Yee@lewisbrisbois.com
Hong.lu@lewisbrisbois.com

RE:    Cease and Desist Reply

To Whom It May Concern:

Thank you for your Reply Letter dated December 5, 2019 regarding The California Beach Co., LLC's ("CBC") Cease and Desist Letter dated November 25, 2019. This letter is in response to said Reply Letter.

## Factual Background

　　CBC does not claim to have developed nor that they manufacture the POP 'N GO PLAYPEN.  However, CBC does have the exclusive right to distribute any products covered by the '913 Patent in the United States, Canada, and Mexico.  See the Exclusive Distribution Agreement attached hereto as Exhibit A.  Further, CBC has an exclusive license to the '913 Patent allowing them to practice and enforce the '913 Patent in the United States, Canada, and Mexico. See the Exclusive License Agreement attached hereto as Exhibit B.  Thus any assertion that CBC is not the rights owner with the ability to enforce the '913 Patent is simply false.

　　Your assertion that Mr. Han Xian Du invented, developed, and designed the POP 'N GO PLAYPEN no later than 2015 is baseless and false.  The evidence you provided in your Exhibits 1 through 6 are merely product registrations obtained in 2019, which require no proof of the invention or patent ownership, and thus have no legal standing, and are certainly not proof that Mr. Du did in fact invent, develop, or design the playpen in question.  In fact the name listed on the product registrations are not Mr. Du, but his son and require no verification of invention or ownership.  As further evidence that Mr. Du did not invent the POP 'N GO PLAYPEN in 2015, the attached Chinese utility and design patents, one of which dates back to 2013, have always been owned by companies owned by members of the Jin family.  See Chinese



Patent Registration Nos. CN 302837188 S, CN 205370101 U, and CN 304569837 S attached hereto as Exhibit C.  These patents confirm that Mr. Du is not the inventor or rights owner and that Yiwu Sanhe did not misappropriate anything designed by Mr. Du when applying for the '913 Patent or any other patent. Further, CBC has exclusive licenses to all three Chinese patents allowing them to enforce said patents in China, which they plan to do by requesting removals of Exqline tents being sold within China and filing an infringement lawsuit in China if we can not settle this matter immediately.

     Mr. Du was living in the Yiwu Sanhe factory at the time the POP 'N GO PLAYPEN was developed. Mr. Du was merely a customer of Yiwu Sanhe, acting as a middle-man by purchasing tents to then sell to Exqline, for a limited amount of time and that relationship ended. Mr. Du's purchase of the tents is probative evidence that Mr. Du does not own any rights to the design. While we do agree that Yiwu Sanhe and Mr. Du terminated any relationship regarding the POP 'N GO PLAYPEN in early 2018, the reason for the termination was that Yiwu Sanhe entered into the above mentioned exclusive distribution agreement with CBC, effectively terminating any right to sell, and certainly to have manufactured, the POP 'N GO PLAYPEN, and by extention terminating any right Exqline may have had to sell products under the patented design.

## EVIDENCE

     We have provided evidence complied from Yiwu Sanhe to support the fact that the product was invented and developed by Yiwu Sanhe. Exibits D-H are images of the previous versions of the POP 'N GO PLAYPEN as the product was being developed by Yiwu Sanhe. Exhibit I is communications between Mr. Du and Yiwu Sanhe regarding material used by Yiwu Sanhe to make the tents. Exhibit J is communication regarding the Chinese patents Yiwu Sanhe owns or has licenses to again, indicating and evidencing that the product was not invented by Mr. Du. Rather he slowly used his previous connection with Yiwu Sanhe to take the product to a new factory and recreate a copy of the POP 'N GO PLAYPEN when you no longer was allowed to purchase the product from Yiwu Sanhe due to their exclusive distribution agreement with the California Beach Co. Exhibit K evidences that Mr. Du purchased an order of tents from Yiwu Sanhe, the purchase order he is requesting in this communication is being located. Additionally, Mr. Du originally stole the CBC crowdfunding page they set up in the United States to get production of the POP 'N GO PLAYPEN up and running with the Yiwu Sanhe factory to distribute the product in the United States to set up a Chinese crowd funding website in an effort to sell the product in China. Upon seeing this website the Yiwu Sanhe factory requested it be removed and taken down by Mr. Du. See Exhibit L.



## TRADEMARK

The warning label exemplified here was a mistake made the factory at the time the shipment was created for Exqline and purchased by Mr. Du. The block imprinting the information related to the Exqline company was not replaced with the CBC name and information for a few tents. This was an accident made by the factory employees and certainly not an intentional action by CBC or done with the knowledge of CBC. CBC is not engaged in any use of the mark EXQLINE and the issue will not occur again due the exclusive agreement that CBC has with the Yiwu Sanhe factory.

It is noted from previous communication that Exqline agreed to cease use of the '723 Trademark.

## ILLEGAL ACTIONS

Exqline has acknowledged its knowledge of Mr. Du's takedown requests of CBC's Instagram and Facebook pages. Submitting a report of intellectual property infringement is a serious matter with legal consequences. Intentionally submitting misleading or otherwise fraudulent reports of infringement may lead to termination of accounts as well as liability for damages under section 512(f) of the United States Digital Millennium Copyright Act (DMCA). The action taken by Mr. Du on behalf of Exqline was done under penalty of perjury. It is an actionable offense and CBC will take every legal action against Exqline, Mr. Du, Instagram and Facebook to remedy this situation.

This product was created by Yiwu Sanhe, the patent invented and assigned exclusively to the Yiwu Sanhe factory and exclusively licensed to CBC to make, use, sell, manufacter and enforce. The Facebook page selling CBC tents did not contain ANY intellectual property violations of Exqline or Mr. Du.

Further Exqline continues to make and sell the POP 'N GO PLAYPEN on its own website and now on <thebestplaypen.com> further adding to the bottomline of damages owed to CBC for patent infringement, which now since at least August 2019 is wilfull infringement of the '913 Patent.  See Exhibit M.

## PATENT RIGHTS

The '913 Patent is valid and enforceable and was appropriately applied for by its inventor and assigned to the factory who has the exclusive rights to manufacter the product and CBC has the exclusive rights to make, sell, use, manufacter, enforce and distribute the '913 Patent and any product embodying the '913 Patent in the United States.



Further, it has come to the attention of CBC that Exqline is claiming rights in the '333 Patent. This patent is invalid and unenforceable. In light of the prior art as well as fucnational arguments concerning the addition of a mere screen to our client's design, CBC is also considering filing both an IPR and PGR petition to invalidate the '333 Patent.

### PROPOSAL

In order to avoid litigation on Monday December 23, 2019 Exqline must inform Mr. Du that he is to respond and request the CBC Facebook and Instagram pages be restored. **Please let us know if Exqline is in agreement to ensure Mr. Du retracts his IP complaints on Monday December 23, 2019. This deadline is not extendable.**

We do agree that Exqline must continue to cease and desist any use of the term "Pop" and any phrase similar to "Pop 'N Go" in connection with its playpen products. Additionally, you are to immediately cease the manufacturing, distribution and sale of all playpens based on the design of the '913 Patent.

**Only if CBC's Facebook and Instagram pages are restored will CBC entertain any settlement discussions whatsoever.**

All communication regarding this matter should be directed to StudioIP, attorneys for The California Beach Co., LLC. We thank you for your prompt attention to this matter.

The California Beach Co. reserves all rights to the POP 'N GO PLAYPEN mark and the '913 Patent, and all related Chinese patents and any offer of compromise is without prejudice to any claim or demand that may be made in the event we are unable to reach an amicable solution.

Sincerely,

Jessie L. Pellant