UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE CALIFORNIA BEACH CO. LLC**, Plaintiff, v. **HAN XIAN DU**, Defendant. | Case No. 19-cv-08426-YGR<br><br>**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 4 |

Plaintiff The California Beach Co., LLC ("CBC") has filed a motion for a temporary restraining order and request for an order to show cause and set a hearing on a preliminary injunction to restrain defendant Han Xian Du from filing copyright takedown notices with internet platforms against CBC. (Dkt. No. 4.) The Court set a briefing schedule, ordering that any response be filed by January 3, 2020, and that any reply be filed by January 7, 2020. Du did not file any response with the Court as to the motion. CBC filed a reply updating the Court on the context of its request. (Dkt. No. 19.)

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John D. Brush & Co., Inc.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Preliminary injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, is an "extraordinary and drastic remedy," that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal citations omitted). In order to obtain such relief, plaintiffs must establish four factors: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council. Inc.,* 555 U.S. 7, 20 (2008).

With respect to the success on the merits and balance of harms factors, courts will permit a plaintiff making a strong showing on one factor to offset a weaker showing on the other, so long as all four factors are established. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In other words, "serious questions going toward the merits and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." *Design Furnishings, Inc. v. Zen Path, LLC*, No. CIV. 2:10-CV-2765-WB, 2010 WL 5418893, at *4 (E.D. Cal. Dec. 23, 2010) (quoting *Alliance for Wild Rockies*, 622 F.3d at 1053).

The Court, having duly considered CBC's Complaint, motion, and the declarations and exhibits submitted therewith, hereby makes the following findings of fact and conclusions of law:

1. Based on the limited record before the Court, CBC is likely to succeed on the merits of its claim under 17 U.S.C. § 512(f) that Du has "knowingly materially misrepresent[ed] under this section . . . that material or activity is infringing" thereby damaging CBC "as the result of a service provider" (here, Facebook, and Instagram)[1] "removing or disabling access to the material or activity claimed to be infringing."

2. CBC has established a likelihood of irreparable harm if the service providers (Facebook, and Instagram) continue to comply with Du's takedown requests in the form of permanently lost customers, reputational harm, and/or loss of customer good will toward CBC.

3. The balance of hardships favor entering this restraining order because if this restraining order were not issued the impact to CBC's business could be severe enough to impact CBC's ability to continue as a business; whereas, if Du is able to establish that, in fact, CBC has violated Du's legitimate copyright interests, Du can obtain money damages.

4. To the extent it is implicated, the public interest favors entering this restraining order because the public has an interest in avoiding the misuse of intellectual property laws by market competitors to wrongfully harm competition.

---

[1] The Court recognizes that Amazon has since reinstated California Beach's website. (*See* Dkt. No. 19 at 3-4 ("Amazon recently reinstated CBC's listing pursuant to Amazon's system for resolving DMCA takedown notification disputes. . . . Accordingly, CBC retracts its request that the Court issue a Temporary Restraining Order with regard to Defendant's improper takedown notice to Amazon[.]").)

Based on the foregoing, the Court **GRANTS** the motion for temporary restraining order.

**THEREFORE, DU AND ALL PERSONS IN ACTIVE CONCERT OR PARTICIPATION WITH DU, ARE TEMPORARILY RESTRAINED** from taking down, based on any alleged copyright infringement, from Facebook and Instagram, or any other service provider's website, CBC's online content or product line. Du is temporarily not permitted to file any further takedown notices with Facebook, Instagram, or any other service provider's website as to CBC's online content or product line. Any current and operative takedown notices in effect that were filed by Du as to CBC are restrained, and are to be disregarded by the online service provider. Accordingly, and specifically, Facebook (Report #2576187715997707) and Instagram (Report #1407615876061304) are directed to disregard Du's takedown notice and to reinstate CBC's online content during the period of this Order.

**THIS TEMPORARY RESTRAINT IS EFFECTIVE IMMEDIATELY.** The Court determines that no security bond is necessary as contemplated under Fed. R. Civ. P. 65(c). *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003) ("The district court is afforded wide discretion in setting the amount of the bond, and the bond amount may be zero if there is no evidence the party will suffer damages from the injunction."); *Walls v. Wells Fargo Bank, N.A.*, No. 17-CV-02199-HSG, 2017 WL 1478961, at *4 (N.D. Cal. Apr. 25, 2017) ("The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.").

CBC is **ORDERED** to serve Du in the same manner it served Du with the motion, and file proof of same, within 24 hours of the issuance of this Order. This Order will become permanent effective **Wednesday, January 22, 2020** unless: (a) an opposition is received from Du by Wednesday, January 15, 2020, any response from CBC to an opposition from Du is due no later than 9 a.m. January 21, 2020, and with a hearing to be held as noted below; or (b) to the extent that CBC seeks to change the scope of the injunction, CBC should file a response by Monday, January 13, 2020 with any supporting evidence. The Court will resolve the matter on the papers if no objections are filed, or, if a hearing on the matter is not requested.

If objections are filed or a hearing is requested, the hearing will be held at 10:00 a.m. on

**Wednesday, January 22, 2020** in Courtroom 1 of the United States Courthouse located at 1301 Clay Street in Oakland, California.

In light of this Order, the hearing on the motion for temporary restraining order scheduled for 10:00 a.m. on Thursday, January 9, 2020 is hereby **VACATED**.

This Order terminates Docket Number 4.

**IT IS SO ORDERED.**

Dated: January 8, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**