FAEGRE DRINKER BIDDLE & REATH LLP
CALVIN L. LITSEY (CA SBN: 289659)
*calvin.litsey@faegredrinker.com*
1950 University Avenue, Suite 450
East Palo Alto, CA 94303
Telephone:  650-324-6700
Facsimile:  650-324-6701

JARED B. BRIANT (*Pro Hac Vice*)
*jared.briant@faegredrinker.com*
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: 303-607-3500
Facsimile: 303-607-3600

STUDIOIP
JESSIE PELLANT (*Pro Hac Vice*)
600 17th St., Suite 2800
Denver, CO 80202
Telephone: 720-443-1773

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CALIFORNIA BEACH CO., LLC. a California Limited Liability Company,<br><br>    Plaintiff,<br><br>    v.<br><br><br>MR. HAN XIAN DU,<br><br>    Defendant. | Case No. 4:19-cv-08426-YGR (LB)<br><br>Hon. Yvonne Gonzales Rogers<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AWARD OF DAMAGES, ATTORNEYS' FEES AND COSTS** |

**INTRODUCTION**

On August 13, 2020 the Court held a hearing on Plaintiff The California Beach Co., LLC's ("CBC") Motion for Default Judgement.  Defendant did not appear.  Following the hearing, the Court issued its Report and Recommendation to Grant Motion for Default Judgement.  (*See* ECF No. 34.)  In the Recommendation the Court requested CBC file a supplemental damages calculation and noted "the judgement will compensate CBC for its losses in the form of lost profits or lost time, but not both." (*Id.* at 14.)  The Court also recommended that the District Judge grant the default judgement motion and separately address the issue of damages and attorney's fees and costs.

Accordingly, CBC, pursuant to the Court's Report and Recommendation to Grant Motion for Default Judgment (ECF No. 34), hereby requests an award of damages, attorneys' fees and costs as part of the Default Judgment, including $389,963.00 in lost gross profits, $51,474.00 in reasonable attorneys' fees, and $1,384.12 in reasonable costs incurred.  CBC's request is supported by the accompanying declarations of Austin Wright, Jared B. Briant, Jessie Pellant and Matthew Williamson.

**ARGUMENT**

**A.      CBC Seeks $389,963 in Lost Gross Profits As Part of the Default Judgment.**

In an effort to provide the Court with supplemental information, including further context regarding its lost profits presented as damages in this case, CBC has attached a Supplemental Declaration of Austin Wright.  CBC will only be seeking lost profits, and not lost time.  To clarify, as previously it was not made clear, the numbers presented in the Declaration of Austin Wright attached to the Motion for Default Judgement were lost gross profits accounting for the cost of goods and shipping and other expenditures.  As requested, the Supplemental Declaration provides documentation regarding profits in 2018 and presents more pointed week by week and day by day profit data for 2019.

The information provided is to assist with calculating more accurate estimates of lost profits attributable to the False DMCA Notices against CBC's social media accounts.  However, CBC would be remised if it did not discuss the irrelevance of the profits in 2018.  CBC began operating in 2018 as a Kickstarter start-up, as previously discussed. The first year of profits for any start-up are

unstable and an inaccurate reflection of the profit trends for the company. There are significant start-up costs in the first year, especially for tangible consumer product companies that have to design, manufacture, ship physical products, and scale appropriately to match the demand in the marketplace.

There is not another holiday season that can accurately be used to compare to the trends of the winter months of 2019, and so rather we are limited to using the data that exists and to find trends in the existing information. CBC is additionally supplying the Court with the raw data requested to display and account for the lost profits suffered by CBC inappropriately at the hands of the Defendant.

**B.      CBC Incurred $51,474.00 in Reasonable Attorneys' Fees.**

The fees that CBC seeks are reasonable for litigation of this type and scope. An award of attorneys' fees is calculated using the lodestar method, determined by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

CBC's success in this case was whole and complete. It obtained a temporary restraining order which was subsequently made permanent, and is proceeding to obtain a default judgment against Defendant that incorporates the terms of the temporary restraining order. Where, as here, a party has obtained "excellent results," "his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435.

As set forth below, CBC seeks compensation for a reasonable number of hours at a reasonable rate in light of the magnitude of its success, the complexity of this case and the experience of the attorneys involved. CBC has requested attorneys' fees for its counsel in this case, led by Jared Briant of Faegre Drinker Biddle & Reath and and Jessie Pellant of Studio IP. The hourly rates for each of the professionals who have worked on this case are as follows: Jared Briant ($655), Jessie Pellant ($380), Patrick Bottini ($530), Alexandra Lakshmanan ($430), Matthew Williamson ($315), and Shelley Meyer ($365).

As shown in the accompanying declarations of Jared Briant and Jessie Pellant, the hourly rates of its counsel are reasonable for attorneys with similar experience in intellectual property cases in the San Francisco Bay Area, and there are no "rare and exceptional" circumstances to deviate from these hourly rates. *See Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Having determined the reasonable hourly rate of CBC's counsel in this case, the next step is to multiply the hourly rate times the number of hours reasonably expended by CBC's counsel in this action. Here CBC requests compensation for a reasonable number of hours expended on this litigation, as set forth in the billing records attached to the Pellant and Briant Declarations.

CBC seeks recovery for the following hours that FaegreBD attorneys and staff worked on this case: Jared Briant (11.3 hours), Jessie Pellant and Matthew Williamson (48.5 hours), Patrick Bottini (25.30 hours), Alexandra Lakshmanan (11.6 hours), and Shelley Meyer (23.2 hours). These hours represent work reasonably and necessarily performed by CBC's counsel over the course of this case, including but not limited to: preparing and filing the Complaint in this action; pursuing a Motion for Temporary Restraining Order ("TRO"); preparing briefing regarding the same; preparing for argument on the Motion for TRO; achieving service of the TRO on social medial platforms; preparing a Motion for Entry of Default against Defendant, and preparing, filing and arguing a Motion for Default Judgment and supplemental briefing.

The supporting declarations and billing records also show the exercise of billing judgment. For example, CBC's counsel coordinated so as to staff individual tasks at an appropriate level while drawing on the benefits of close collaboration in litigating this complex matter. More importantly, CBC does not seek recovery of all attorneys' fees incurred in this case—counsel have narrowed CBC's billing records so as to present a conservative fee—even though they believe all of the time billed was necessary and appropriate. For example, CBC does not seek recovery of fees billed by all lawyers on this case, and has written off time for the four individuals for which it does seek compensation.

**C.    CBC Incurred 1,384.12 in Reasonable Costs.**

Finally, CBC incurred reasonable costs in the amount of $1,384.12 in connection with this case, as set forth below:

- Case Filing Fee $400.00
- *Pro Hac Vice* Filing Fee $310.00
- Rush service of process of TRO Order on social media platform $425.00
- Courier service for delivery of filings to chambers $249.12

Those costs are detailed more fully in the Declaration of Jared Briant and attached billing records, and were necessarily incurred in this case.

## CONCLUSION

For each of these reasons, CBC respectfully requests that the Court supplement its Report and Recommendation on CBC's Motion for Default Judgment to include an award to CBC of $389,963.00 in lost gross profits; $51,474.00 in reasonable attorneys' fees; and $1,384.12 in reasonable costs incurred.

Dated:  September 3, 2020

By:   */s/ Jared B. Briant*

JARED B. BRIANT (CO SBN: 35773)
FAEGRE DRINKER BIDDLE & REATH LLP
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: 303-607-3500
Facsimile: 303-607-3600

JESSIE PELLANT (CO SBN: 42096)
STUDIOIP
600 17th St., Suite 2800
Denver, CO 80202
Telephone: 720-443-1773

*Attorneys for Plaintiff,*

**THE CALIFORNIA BEACH CO., LLC**