UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| THE CALIFORNIA BEACH CO., LLC., | Case No. 4:19-cv-08426-YGR (LB) |
| Plaintiff, | **ORDER REGARDING SEALING** |
| v. | Re: ECF No. 45 |
| HAN XIAN DU | |
| Defendant. | |

On September 3, 2020, the plaintiff filed an administrative motion to seal the entire Supplemental Fourth Declaration of Austin Wright.[1] Generally, the declaration has sealable information, but sealing the entire declaration does not comply with Civil Local Rule 79-5. The court thus denies the motion to seal without prejudice to the plaintiff's submitting a more narrowly tailored redaction.

Sealing is governed by Civil Local Rule 79-5. Among other requirements, a party must submit "[a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable." N.D. Cal. Civ. L.R. 79-5(d)(1)(A), (e)(1). Local Rule 79-5 also provides that

---

[1] Administrative Motion to File Under Seal ("Mot. to Seal") – ECF No. 45; Fourth Declaration of Austin Wright in Support of Motion for Award of Damages, Attorneys' Fees and Costs ("Fourth Wright Decl.") – ECF No. 45-3.

ORDER – No. 4:19-cv-08426-YGR (LB)

requests to seal "must be narrowly tailored to seek sealing of only sealable material" and that "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." N.D. Cal. Civ. L.R. 79-5(b), (d)(1)(A)–(B). Under Local Rule 79-5, a party must file (1) a sealed document that has all proposed sealed portions highlighted in yellow and (2) a redacted, public-record document.

The following is a summary of the standards for sealing.

"A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the 'strong presumption in favor of access' that applies to all court documents other than grand jury transcripts and pre-indictment warrant materials." *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-cv-03844-JST, 2015 WL 984121, at *1 (N.D. Cal. Mar. 4, 2015) (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

With respect to the first prong, Local Rule 79-5 provides that a sealing order may be issued only upon a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" and (2) is "narrowly tailored to seek sealing only of sealable material." N.D. Cal. Civil L.R. 79-5(b).

With respect to the second prong, "[h]istorically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana*, 447 F.3d at 1178 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "This right is justified by the interest of citizens in 'keeping a watchful eye on the workings of public agencies.'" *Id.* (internal brackets omitted) (quoting *Nixon*, 435 U.S. at 598).

Two standards generally govern sealing motions. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010). The "compelling reasons" applies to most court documents, including those filed in connection with dispositive motions, while the "good cause" standard applies to private materials "unearthed during discovery," including those filed in connection with non-dispositive motions. *Welle v. Provident Life & Accident Ins. Co.*, No.: 3:12-cv-3016 EMC (KAW), 2013 WL 6055369, at *1 (N.D. Cal. Nov. 14, 2013) (quoting *Pintos*, 605 F.3d at 677).

"Nondispositive motions 'are often "unrelated, or only tangentially related, to the underlying cause of action,"' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Pintos*, 605 F.3d at 678 (9th Cir. 2010) (quoting in part *Kamakana*, 447 F.3d at 1179). For this reason, a "particular showing" of good cause as contemplated by Federal Rule of Civil Procedure 26(c) is sufficient to seal such motions. *Kamakana*, 437 F.3d at 1180; *Welle*, 2013 WL 6055369, at *1. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). If a court finds particularized harm will result from disclosure, then it balances the public and private interests to decide whether a protective order is necessary. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)). Sealing may also be appropriate if necessary to prevent filings from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *Welle*, 2013 WL 6055369, at *1.

Because the declaration relates to a dispositive motion, the "compelling reasons" standard applies. There are no compelling reasons to seal the entire declaration. Also, the declaration has some information that is similar to information in a previously filed third declaration, which was not filed under seal.[2] For example, both declarations address "revenues, sales history, and profit margins."[3] The earlier declaration also stated the loss explicitly: $316,991.[4]

The plaintiff may resubmit the sealing request within two weeks.

**IT IS SO ORDERED.**

Dated: September 14, 2020

LAUREL BEELER
United States Magistrate Judge

---

[2] *See* Third Wright Decl. – ECF No. 35.

[3] Declaration of Jared B. Briant in support of Plaintiff's Administrative Motion to File under Seal – ECF No. 45-1 at ¶ 3; *Compare* Fourth Wright Decl. – ECF No. 45-3, *with* Third Wright Declaration in support of Motion for Default Judgment ("Third Wright Decl.") – ECF No. 35.

[4] Fourth Wright Decl. – ECF No. 45-3 at ¶ 10; Third Wright Decl. – ECF No. 35 at ¶ 7.